UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
OWENSBORO DIVISION
CIVIL ACTION NO. 4:16-CV-00070-JHM

**LINDA INGALSBE, as Personal**
**Representative of the Estate of**
**Mae Jarvis, Deceased**                                                    **PLAINTIFF**


**VS.**


**HENDERSON HEALTH FACILITIES, L.P.**
**d/b/a Henderson Nursing and Rehabilitation**
**Center and HENDERSON HEALTH**
**FACILITIES GP, LLC**                                                    **DEFENDANTS**

<u>**MEMORANDUM, OPINION**</u>
<u>**AND ORDER**</u>

## BACKGROUND

Defendants, Henderson Health Facilities, L.P. d/b/a Henderson Nursing and Rehabilitation Center and Henderson Health Facilities GP, LLC ("Henderson Health"), have moved the Court for entry of a protective order pursuant to Fed.R.Civ.P. 26(c)(1)(G), and requested a hearing (DN 21). Plaintiff, Linda Ingalsbe, as personal representative of the estate of Mae Jarvis, deceased, has filed a memorandum in opposition (DN 22). Henderson Health has filed a reply memorandum (DN 23).


## NATURE OF THE MOTION

Henderson Health seeks entry of a protective order addressing the documents that are responsive to Ingalsbe's first requests for production of documents (DN 21). Henderson Health explains that the documents contain confidential business information and confidential personal

information pertaining to its employees (Id.).   Henderson Health asserts that the responsive documents include, but are not limited to, employee personal files; contracts with service providers; training and attendance records; company policies, procedures and guidelines; compensation structures; cost reports; and any documentation regarding Mae Jarvis's residency at the facility (Id.).   Henderson Health explains that defense counsel alerted opposing counsel of the need for a protective order as soon as defense counsel received and reviewed the documents (Id.).   Henderson Health seeks a protective order that merely limits the use of these documents to this litigation because any use or dissemination of this confidential information outside this litigation would prejudice Henderson Health and its employees, as it would allow Henderson Health's competitors to view confidential information concerning Henderson Health's business practices.   Henderson Health further argues unfettered dissemination of the documents would allow the public to view this information which could improperly open up Henderson Health to further litigation (Id.).   Henderson Health has submitted a proposed protective order that in pertinent part reads as follows:

> It is hereby **ORDERED** that information to be produced or otherwise made available by the Defendants shall be subject to a Protective Order and the Defendant shall, without compromising the information in the documents, marked the documents as Confidential and for use in this case.   All documents produced subject to a Protective Order shall be for use by Plaintiff and her attorneys and staff in this case only and may be given only to the parties in this action, their counsel and staff, as necessary, and witnesses, as necessary, in the prosecution and defense of this case, unless otherwise agreed upon by counsel for both parties.

(DN 21-1).   Henderson Health requests a hearing on its motion (DN 21).

Ingalsbe asks the Court to deny Henderson Health's motion for a protective order as untimely (DN 22).   Ingalsbe accuses Henderson Health of proposing an agreed protective order

merely to delay the discovery process (Id.).  Ingalsbe contends that Henderson Health could have proposed an agreed protective order months ago because it knew or should have known that the documents requested may be confidential (Id.).  Ingalsbe points out that Henderson Health refuses to produce any documents, even Ms. Jarvis' medical chart, until the Court rules on the protective order motion (Id.).  Additionally, Ingalsbe argues the motion should be denied because Henderson Health has failed to show that disclosure of these documents would cause a "clearly defined and very serious injury" (Id. citing Owens v. Liberty Life Assur. Co., No. 4:15-CV-00071, 2016 U.S. Dist. LEXIS 115477, at *6-7 (W.D. Ky. Aug. 29, 2016)).  Ingalsbe contends that Henderson Health is made only vague and conclusory allegations that production of the requested documents will put it at a competitive disadvantage or subjected to further litigation (Id.).  Ingalsbe asserts that a hearing is not necessary and the Court should rule on the motion based on the memoranda submitted by the parties (Id.).

In reply, Henderson Health asserts that the documents to be produced contain "confidential business information" concerning the facility's operation, its financial condition, its financial agreements with third parties, its employees, and company practices (DN 23 citing Owens, 2016 U.S. Dist. LEXIS 115477, at *6-7).  Henderson Health contends that "good cause" exists for entry of the proposed protective order because if any of the documents are disseminated outside this litigation there would be nothing to stop the public at large and its competitors from using the documents for their own litigious and competitive advantage (Id.).  Henderson Health asserts that the public could use these documents in an attempt to bring frivolous claims against Henderson Health and that it would have to expend time and money to defend against such claims (Id.).  Further, competing businesses would be able to use the information to destroy any competitive advantage that Henderson Health may have in the

industry (Id.).  Henderson Health points out that the proposed protective order does not limit the scope of discovery, rather, it merely requires that the documents only be used in this litigation (Id.).  Henderson Health asserts that defense counsel could not seek a protective order before receiving and reviewing the documents from Henderson Health (Id.).   Henderson Health contends that defense counsel contacted opposing counsel about the need for a protective order as soon as defense counsel determined that the information warranted protection from public dissemination (Id.).  Therefore, Henderson Health argues, it has not waived the right to seek protection of the documents and it's motion is not untimely (Id.).  Henderson Health asserts that due to the highly contested nature of this dispute a hearing with oral argument should be conducted (Id.).

DISCUSSION

Henderson Health is seeking an order that will allow it to designate the documents it intends to produce to Ingalsbe as confidential while in the hands of the parties during the case. Consequently, the motion presently before the Court does not implicate the scope or relevance of Ingalsbe's document requests or the withholding of documents on claim of privilege.  Rather, it only deals with the confidentiality of documents that Henderson Health proposes to produce in response to Ingalsbe's document requests.  Thus, Ingalsbe's contentions about the timeliness of the motion, the absence of specific objections to each document request, and the failure to raise a privilege and provide a privilege log are misplaced.  The substantive consideration here is whether Henderson Health has sufficiently demonstrated entitlement to such an order.

This Court has observed that:

> Pursuant to Rule 26(c), the Court may enter a protective order "for good cause shown" to protect a party by requiring that confidential

> material not be revealed or be revealed only in a designated manner.  When a business seeks protection of a trade secret or of commercial information under Rule 26(c), it must show that disclosure would cause "clearly defined and very serious injury." *Waelde v. Merck, Sharp & Dohme*, 94 F.R.D. 27, 28 (E.D. Mich. 1981).  "[V]ague and conclusory allegations of confidentiality and competitive harm are insufficient.  The movant must make 'a particularized showing that the information sought is confidential' and come forth with 'specific examples' of competitive harm." *Id.* (quoting *Parsons v. General Motors Corp.*, 85 F.R.D. 724, 726 (N.D. Georgia 1980)).  In sum, in order to satisfy Rule 26(c), [the movant] must show that (1) the interest for which protection is sought is an actual trade secret or other confidential business information, and (2) there is good cause for the entry of a protective order.

Mitchell v. Home Depot U.S.A., No. 3:11-CV-332, 2012 U.S. Dist. LEXIS 82562, at *4-5 (W.D. Ky. June 13, 2013).

The Court has wide discretion in weighing any relevant factors and deciding whether to issue a protective order.  Pansy v. Borough of Stroudsburg, 23 F.3d 772, 787 (3d Cir. 1994).

In its motion, Henderson Health has indicated that the documents include, but are not limited to "employee personal files; contracts with service providers; training and attendance records; company policies, procedures, and guidelines; compensation structures; cost reports; and any documentation regarding Ms. Jarvis's residency at the facility" (DN 21).  Henderson Health has asserted that the documents contain detailed information concerning the facility's operation, its financial condition, its financial agreements with third parties, its employees, and company practices (DN 23).  Henderson Health explains that information within these documents qualify as "confidential business information," because it concerns details of Henderson Health's operation, from statements of its performance, the policies of how that performance is to be achieved, and information concerning the people who are responsible for that performance (Id.).  Henderson Health further explains that the information within these

documents provide an inside look into its business at every level (Id.).  Clearly, the identified document categories do involve confidential business information.  The documentation regarding Ms. Jarvis's residency are subject to federal and/or state law that restricts the dissemination of such records.  Thus, Henderson Health has demonstrated the interest for which protection is sought is confidential business information.

Public dissemination of any of the classes of documents identified above could have an adverse impact on Henderson Health.  Competing businesses would be able to see the details of Henderson Health's business and finances, and to utilize that information to obtain an unfair competitive advantage over Henderson Health in the industry.  Current or former employees may have a basis for bringing a lawsuit against Henderson Health if their private information is publicly disseminated.  Further, Henderson Health might be at risk for federal and/or state fines if it fails to take adequate steps to protect the confidentiality/privacy of the records regarding Ms. Jarvis's residency at the facility.  Thus, Henderson Health has demonstrated good cause for entry of a protective order with regard to the documents it proposes to produce to Ingalsbe.

This order only concludes that Henderson Health has succeeded in its motion to sufficiently demonstrate that the document categories identified are confidential commercial information for which disclosure will cause a clearly defined and very serious injury and that there is good cause for entry of a protective order.  The undersigned observes that Henderson Health's proposed protective order fails to address a number of important matters such as appropriate storage of the documents, deposition testimony concerning the documents, disclosure of the documents to experts, challenging the confidential designation of certain documents, and the procedures regarding the documents that will be followed upon conclusion of the case.  For this reason, the parties are directed to confer regarding an appropriate agreed protective order in

this case.  The undersigned has attached a draft protective order that the parties may find helpful in reaching an accord regarding the provisions that will be included within their agreed protective order.  Finally, the undersigned concludes that a hearing will not be necessary to address this matter.

ORDER

**IT IS HEREBY ORDERED** that Henderson Health's motion for a protective order (DN 21) is **GRANTED** in part and **DENIED** in part.

**IT IS FURTHER ORDERED** that to the extent that Henderson Health seeks a protective order as to the confidential documents it intends to produce to Ingalsbe, Henderson Health's motion for a protective order (DN 21) is **GRANTED**.

**IT IS FURTHER ORDERED** that to the extent that Henderson Health seeks the Court's approval of its proposed protective order, Henderson Health's motion for a protective order (DN 21) is **DENIED**.

**IT IS FURTHER ORDERED** that the parties are directed to confer and submit an agreed protective order to the undersigned **by no later than April 14, 2017**.

**IT IS FURTHER ORDERED** that Henderson Health shall produce the documents to Ingalsbe **within five days of entry** of the agreed protective order.

Copies to:      Counsel of Record

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**_____ DIVISION**
**Civil Action No. _:__-cv-000__-___**

_____                                              **PLAINTIFF**

**VS.**

_____                                              **DEFENDANT**

**AGREED PROTECTIVE ORDER**

1.      This Agreed Protective Order (the "Protective Order") shall govern the use and disclosure of all Confidential Information produced by or on behalf of the parties, any third party or furnished by any person associated with the parties in any court appearance, deposition, interrogatory, request for admission, document production or any other discovery proceeding or exchange of information in this action, but does not relate to the use of Confidential Information at trial.

2.      (Potential Definitions of "Confidential Information", select a or b)

(a)      "Confidential Information" as used in this Protective Order shall mean documents and other material or information containing sensitive personal information, or reflecting a trade secret or other confidential research, development, product, employment, financial or business information. Interrogatory answers, deposition testimony, disclosures, expert reports, or other responses to discovery requests, may be identified as Confidential Information.

(b) "Confidential Information" as used in this Protective Order shall mean any trade secrets; customer information; financial data; marketing strategy and techniques; operating financial information; private financial information; confidential research, development, or

8

commercial information; information of a sensitive or proprietary nature; or information which (1) is of a sensitive or proprietary nature, (2) is not in the public domain, and (3) if disclosed would unreasonably subject the Party or its customers to risk of material competitive disadvantage or other material business injury.  "Confidential Information" may be oral (if timely designated as such as provided in this Order), a tangible thing, a document (as that term is defined under the Federal Rules of Civil Procedure), information contained in a document, information orally communicated, information revealed during a deposition, or information revealed in an interrogatory answer or other discovery.

3.      Any party may designate as "Confidential" any documents or other materials or information which the designating party and its counsel believe in good faith contain, or reflect, Confidential Information.  The designation of documents or other materials as "Confidential" shall be made by written notice in the documents or materials designated or by so designating them in the record.  Documents so marked or designated and all Confidential Information derived therefrom shall be treated in accordance with the terms of this Protective Order.

4.      Confidential Information shall not be used by any of the parties in this action or by any other party or entity given access thereto in accordance with this Protective Order, except solely for the purpose of prosecuting or defending claims, counterclaims, or third party claims in this action, including any appeals, and/or for settlement purposes.  Confidential Information shall not be used for any business, competitive, commercial or any other purpose whatsoever.

5.      Except upon further Order of the Court or by express written consent of all counsel of record, Confidential Information designated as "Confidential" shall be maintained pursuant to the provisions of Paragraph 6 below and shall not be shown, described or otherwise revealed to any person or entity other than the following:

(a)     outside counsel of record and in-house counsel for the parties to this action;

(b)     the parties to this action, and any officers, directors or employees of such parties, to whom disclosure is required for the prosecution or defense of this action and/or evaluation or settlement purposes;

(c)     paralegals, office clerks, secretaries and clerical or support personnel employed or retained by outside counsel for a party of record in this action or in-house counsel, but only if:

      (i)      it is necessary to disclose the Confidential Information for purposes of this action; and

      (ii)     they are not officers, directors, employees or affiliates of any competitors of any party;

(d)     the Court in this action, or any other Court having jurisdiction over discovery procedures in the action, and any court reporter, videographer or typist recording or transcribing testimony in this action, and any outside, independent reproduction services;

(e)     consulting experts or testifying expert witnesses (as provided for in Fed. R. Civ. P. 26(b)), their associates, assistants, and other personnel employed directly by the experts who agree to be bound by the terms of this Protective Order, provided that it is necessary to disclose the Confidential Information to them for purposes of this action;

(f)     the author, addressee, or any other person identified as a recipient of specified Confidential Information who would otherwise be entitled to receive same;

(g)     other persons who may be specifically designated by written consent of all attorneys of record or pursuant to Court Order; and

(h)     witnesses (and/or their counsel) during the course of trials, hearings and depositions (or in preparation therefore) in this action, but only if they agree to be bound by the terms of this Protective Order.

6.      All documents or other materials marked or designated as "Confidential" pursuant to this Protective Order which are provided to a party's counsel of record shall be secured and stored at the office of the recipient counsel of record and shall not be removed from said office for any reason unrelated to the prosecution or defense of claims, counterclaims, or third party claims in this action, except upon further Order of the Court or express written consent of counsel for the designating party.  At all times, counsel shall exercise due and proper care with respect to the storage, custody and use of all Confidential Information; and shall not reveal, discuss or disclose such Confidential Information in any manner, in any form, to any person or entity other than as provided in this Protective Order.  No individual reviewing or otherwise accessing Confidential Information maintained at counsel's office shall be permitted to make copies of or otherwise duplicate any portion of the Confidential Information for any reason unrelated to the prosecution or defense of claims, counterclaims, or third party claims in this action.

7.   Before disclosure of any Confidential Material to persons in the categories set forth in Paragraphs 5(b), (e), (f), (g), and (h) of this Protective Order, that person shall be furnished with a copy of this Protective Order and shall sign a copy of the "Undertaking" attached as Exhibit A to this Protective Order.  Counsel responsible for such disclosure shall retain the original of each such executed Undertaking.

8.   Unless otherwise ordered by the Court or agreed to by the parties, should any party seek to file any documents and deposition transcripts containing or reflecting Confidential Information with the Court or any appellate court, said party shall notify the party that has designated the information as Confidential Information and afford the designating party no less than 3 business days to file a joint motion for leave to seal pursuant to LR 5.7 and applicable law.  Although filed jointly, the designating party is fully responsible for preparing the joint motion, filing same, and making any and all arguments in support of the motion.  Consistent with the requirements in LR 5.7(c), the motion for leave to seal must explain why "sealing is required and must establish that the document sought to be filed under seal is entitled to protection from public disclosure."  The party seeking to file any said Confidential Information shall not oppose the motion, but shall have no further obligations under this Order, and the party seeking to file does not waive any rights under numerical paragraph 13 to this Order.  Should the Court grant the motion, the Confidential Information shall be filed in a sealed envelope with a cover label bearing the caption of the action containing the following notice: TO BE FILED UNDER SEAL PURSUANT TO AGREED CONFIDENTIALITY ORDER ENTERED IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF KENTUCKY, CASE NO. _:__-cv-_____-___.  And, any filings shall comply with LR 5.7(d) as well as the Court's Amended Electronic Case filing Administrative Policies and Procedures.  Confidential

Information used in any court proceeding in connection with this action shall not lose its confidential status through such use. All such Confidential Information so filed shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released to persons or entities other than attorneys for the parties and Court personnel only upon written agreement of each designating party or upon further order of the Court entered after reasonable written notice and opportunity to each designating party to file objections thereto. In the event that each designating party and any party seeking to use such Confidential Information at trial are unable to reach an agreement as to the procedure to ensure the confidentiality of the Confidential Information, the matter shall be submitted to the Court.

9.      Any member of the public not otherwise subject to this Protective Order may challenge any attempt by any party to seal or redact documents filed with the Court.

10.      Confidential Information used in any court proceeding in connection with this action shall not lose its confidential status through such use. All such Confidential Information so filed shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released to persons or entities other than attorneys for the parties and Court personnel only upon written agreement of each designating party or upon further order of the Court entered after reasonable written notice and opportunity to each designating party to file objections thereto. In the event that each designating party and any party seeking to use such Confidential Information at trial are unable to reach an agreement as to the procedure to ensure the confidentiality of the Confidential Information, the matter shall be submitted to the Court.

11.     If deposition testimony concerning Confidential Information is requested or elicited, counsel for the designating party may request that:

>    (a)     the testimony, and the transcript thereof, be treated as "Confidential"; and

>    (b)     the room in which the deposition is being taken shall, at the request of the designating party, be closed except to persons who are permitted access to such information or documents under the terms of this Protective Order.  Counsel for any party may also request that portions of a deposition transcript be treated as Confidential Information within thirty (30) days of receipt of the final transcript.

12.     Within thirty (30) days of conclusion of this case, (including any appeals), all Confidential Information and all copies, duplications, extracts and summaries thereof shall be returned to the producing party or destroyed at the producing party's request with a letter to counsel for the producing party certifying that all Confidential Information has been returned or destroyed, except that counsel of record shall be entitled to retain all information and materials which constitute work product.  If requested by any party, counsel of record shall certify in writing filed with the Court that all Confidential Information required to be returned has been so returned or destroyed within fourteen (14) days of receipt of a written request for certification by any party.

13.     In the event that any party to this litigation disagrees with the propriety of a "Confidential" designation, such party shall give the designating party or entity written notice of its disagreement.  The interested parties shall first try to resolve such a dispute extra-judicially

14

and in good faith by responding in writing to the challenging party substantiating the basis for such designations.  If a party files a motion challenging another party's designation of Confidential Information, the designating party shall bear the burden of establishing that the documents in question are confidential and are properly designated as "Confidential" as provided in this Protective Order.  No party, by entering into this Protective Order, concedes that any document, material or information classified by any other party as Confidential Information or any documents, transcripts or other material reflecting claimed Confidential Information does in fact contain or reflect trade secrets or proprietary or confidential research, development, product, employee, financial or business information.

14.     The provisions of this Protective Order shall not affect, and this Order does not limit, the use or admissibility of Confidential Information as evidence at trial, or during an evidentiary hearing in this action, provided that any party may seek an appropriate Court Order to protect Confidential Information. Any document, exhibit, or transcript designated Confidential under this Order, and that is otherwise admissible, may be used at trial, subject to the terms of this Order.

15.     Nothing contained in this Protective Order shall be construed to restrict the use or disclosure of Confidential Information by the party producing that information or to prevent any party from interposing an objection to a request for discovery.

16.     If a non-designating party in possession of Confidential Information receives a subpoena or other request seeking production or other disclosure of Confidential Information, he, she or it shall give written notice within three (3) business days to counsel for the designating party identifying the Confidential Information sought and the date and time production or other

disclosure is required.   In no event may production or disclosure be made without written approval by counsel of the designating party or by further Order of a Court.

17.     Any non-parties summoned for trial or served with a deposition or other discovery request and called upon to produce their own confidential or proprietary information may opt in to the protections of this Protective Order and designate their information as Confidential Material pursuant to the terms of this Protective Order by (a) advising counsel for all Parties in writing, (b) filing a copy of said writing with the Clerk of the court captioned above, and (c) complying with any applicable terms of this Protective Order.

18.     In the event an additional party joins or intervenes in the action, such party shall not have access to Confidential Information until such party has filed with the Court its agreement to be bound by this Protective Order.  The terms of this Protective Order shall apply to any material produced by such additional parties that is marked or designated "Confidential" by such additional parties, pursuant to the terms of this Protective Order.

19.     Nothing contained in this Protective Order shall prejudice in any way the right of any party to seek, by way of consent of all parties or by application to the Court, (i) additional protection for specific items of Confidential Information; or (ii) relief from the provisions of this Protective Order with respect to specific terms or categories of Confidential Information.

20.     The parties, by entering into this Protective Order, do not waive any applicable privileges, and reserve their right to contest any requests or subpoenas for documents or testimony and to assert such applicable privileges.

21.     Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, attorney work product protection, or any other privilege.

22.     It is recognized by the parties to this Protective Order that, due to the exigencies of producing numerous documents and the taking of testimony, certain documents or testimony may be designated erroneously as Confidential, or documents or information that are entitled to confidential treatment erroneously may not be designated as Confidential. The parties to this Protective Order may, no later than the discovery deadline, correct their Confidentiality designations, or lack thereof, and then will, at their own expense, furnish to all counsel copies of the documents for which there is a change in designation, unless copies have already been provided.

23.     Documents or information produced by any party prior to the entry of this Protective Order by the Court, and subsequently designated as Confidential Information by any party within thirty (30) days of the entry of this Protective Order, will be subject to the provisions of this Protective Order to the same extent as if the Protective Order had been entered by the Court as of the date the documents or information were produced.

24.     All parties and attorneys of record in this action, and all other persons and entities possessing or granted access to Confidential Information pursuant to this Protective Order shall be bound by this Protective Order.  The Court may impose sanctions on any person or entity possessing or granted access to Confidential Information pursuant to this Protective Order who discloses or uses the Confidential Information for any purpose other than as authorized by this Protective Order or who otherwise violates the terms of this Protective Order.

25.     Nothing in this Order prevents any party from using or disclosing its own documents or information in any way, regardless of whether they are designated as Confidential.

26.    The restrictions set forth in this Protective Order shall not apply to information or material that was, is, or becomes public knowledge in a manner other than by violation of this Protective Order.

**IT IS SO ORDERED**

      **SIGNED** this

APPROVED FOR ENTRY BY:

COUNSEL FOR PLAINTIFF:

COUNSEL FOR DEFENDANT:

**EXHIBIT A**

**(Form of Undertaking)**

**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**_____ DIVISION**
**Civil Action No. __:___-cv-000___-___**

_____                                                     **PLAINTIFF**

**VS.**

_____                                                     **DEFENDANT**

I, _____, hereby declare:

      1.  I have read the Agreed Protective Order entered in this action and agree to be bound by the terms thereof, and to comply with the terms thereof.  I hereby submit to the jurisdiction of this Court for the purpose of enforcing the Protective Order in the event that I am alleged to have violated the terms thereof.

      2.  I will not disclose or use (other than for purposes of giving testimony or assisting in the prosecution or defense of this lawsuit) any of the Confidential Materials (as that term is defined in the Protective Order) to which I receive access pursuant to this Undertaking.

      3.  I declare under penalty of perjury that the foregoing is true and correct.

[Name and signature of Witness here]

19